**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

KATIA GREEN,                                   :
    Plaintiff                            :
                                         :
v.                                             :                    C.A. No.:
                                         :
MARE ROOFTOP,                                  :
    Defendant                            :

## COMPLAINT

### I. Introductory Statement

This is an action brought by the Plaintiff seeking declaratory relief and attorney's fees and litigation expenses as well as compensatory and punitive damages to redress unlawful conduct committed by the Defendant against the Plaintiff in violation of the Rhode Island Civil Rights Act of 1990 ("RICRA"), R.I.G.L. §42-112-1, *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, *et seq.*, and the Fair Employment Practices Act ("FEPA"), R.I.G.L. §28-5-1, *et seq.*, and common law.

### II.    Parties

1. The Plaintiff, Katia Green, is a resident of the City of Ipswich, County of Essex, Commonwealth of Massachusetts.

2. Defendant Mare Rooftop ("Mare") is a Rhode Island corporation with its principal place of business located at 229 Waterman Street, Providence, RI 02906.

### III. Jurisdiction

3. This Court has jurisdiction over the Plaintiff's claim under Title VII pursuant to 42 U.S.C. §2000e-5(f)(3) and supplemental jurisdiction over the Plaintiff's claim under the FEPA pursuant to 28 U.S.C. §1367.

## IV. Venue

4.      Venue is proper in this Court insofar as a substantial portion of the events or omissions giving rise to the within claim occurred in the State of Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

## V.  Exhaustion of Administrative Remedies

5.      On or about August 24, 2020, the Plaintiff timely filed a charge of discrimination against Defendant Union with the Rhode Island Commission for Human Rights ("RICHR"), RICHR No. 21 ESH 028-50/06, and the United States Equal Employment Opportunity Commission ("EEOC"), EEOC No. 16J-2020-00201.

6.      After August 24, 2020, more than one hundred twenty (120) days, but less than two (2) years after the charge was filed, the Plaintiff requested that the RICHR and the EEOC issue a right to sue letter.

7.      On or about July 22, 2021, the Plaintiff was issued a notice of right to sue by the RICHR and has timely instituted suit thereon.

8.      On or about July 30, 2021, the Plaintiff was issued a notice of right to sue by the EEOC and has timely instituted suit thereon.

9.      There is no requirement under the RICRA relative to the exhaustion of administrative remedies.

## VI.  Material Facts

10.     In or about June, 2020, the Plaintiff was hired by Defendant Mare as a line cook.

11.     The Plaintiff is female.

12.     During her employment at Defendant Mare, the Plaintiff's work performance was satisfactory and exceeded Defendant Mare's legitimate expectations.

13.     During all relevant time periods, Defendant Mare employees and/or agents including, but not limited German Cos ("Cos"), interim Executive Chef at Defendant Mare, and Marvin Lemus ("Lemus"), a line cook at Defendant Mare, subjected the Plaintiff to discriminatory conduct based on her sex.

14.     For example, after the Plaintiff's interview at Defendant Mare, Mr. Cos told the Plaintiff that he "hoped [she] would get the job because [she's] pretty."

15.     On the Plaintiff's first day at Respondent Mare, Mr. Cos expressed that he was surprised that the Plaintiff was hired as a chef and not as a server because she is "attractive."

16.     On several occasions, Mr. Cos shook the Plaintiff's hand and continued to hold her hand for an unreasonable and unwanted amount of time.  Every time Mr. Cos shook the Plaintiff's hand like this, she had to pull her hand away.

17.     Mr. Cos also referred to the Plaintiff as "beautiful girl."

18.     On several occasions, Mr. Cos pinched and touched the Plaintiff's waist.

19.     On one occasion, Mr. Cos attempted to pinch the Plaintiff's thigh.  However, the Plaintiff pulled her leg away and left the area.

20.     On one occasion, the Plaintiff tapped Mr. Lemus' shoulder with a plastic fish bucket lid.  In response, Mr. Lemus said, "Now I get to smack your butt."  The Plaintiff replied, "No, you don't."  However, for the rest of that shift, Mr. Lemus continued to tease that he could "smack [the Plaintiff's] butt.

21.     On one occasion, the Plaintiff wore jeans to work. Mr. Lemus made several comments about how the Plaintiff looked in jeans and made a comment about her body.

3

22.     On one occasion, Mr. Lemus told the Plaintiff, "If you get too close to me and I touch you, it's your fault," then put his hand around her waist. The Plaintiff immediately stepped away and told Mr. Lemus that his comments and actions were inappropriate.

23.     Shortly thereafter, the Plaintiff bent over to reach eggs on the bottom shelf of the fridge. In response, Mr. Lemus asked the Plaintiff why she was bending down and said that she was bending down to "tease" him.

24.     On one occasion, Mr. Lemus walked past the Plaintiff and slapped her butt as he passed her. In response, the Plaintiff told Mr. Lemus that he could not do that.

25.     On one occasion, Rob Cirillo ("Cirillo"), Executive Chef at Defendant Mare, Mr. Lemus, and Max de Leon-Aubrey ("Leon-Aubrey"), Grill Cook at Defendant Mare, made loud barking and chirping noises during the Plaintiff's shift.

26.     The following shift, Mr. Cirillo, Mr. Lemus, and Mr. Leon-Aubrey continued to make animal noises. At the end of this shift, the Plaintiff asked Mr. Lemus to stop making animal noises. Mr. Lemus stopped briefly, but then continued with the animal noises.

27.     Several shifts after the aforementioned animal noises, the Plaintiff was stationed at Defendant Mare's pizza station and consequently removed from the other kitchen staff. At the pizza station, the Plaintiff heard Mr. Lemus and Mr. Cirillo making animal noises. However, whenever the Plaintiff entered the kitchen, Mr. Lemus and Mr. Cirillo made the animal noises noticeably louder.

28.     In response to Mr. Lemus and Mr. Cirillo's animal noises, a front-house staff member at Defendant Mare approached the Plaintiff and said that Mr. Lemus and Mr. Cirillo were "100% doing it to upset [the Plaintiff] on purpose."

29.    In addition, this front-house staff member told the Plaintiff that Mr. Lemus and Mr. Cirillo were openly talking about the Plaintiff in a demeaning manner in front of Defendant Mare's kitchen staff.

30.    Shortly thereafter, the Plaintiff met with Scott Burchfield ("Burchfield"), Assistant Manager at Defendant Mare, to report Mr. Lemus, Mr. Cos, and Mr. Cirillo's discriminatory conduct. During this meeting, the Plaintiff told Mr. Burchfield about Mr. Lemus and Mr. Cos' discriminatory behavior.

31.    In response to the Plaintiff's complaint, Mr. Burchfield asked if she had spoken to Mr. Lemus, Mr. Cos, or Mr. Cirillo directly. The Plaintiff explained that she had spoken to Mr. Lemus directly, but did not feel comfortable talking to Mr. Cos or Mr. Cirillo because of their supervisory positions.

32.    In response, Mr. Burchfield told the Plaintiff to "look up the definition of sexual harassment" and asked if she was reporting this behavior because she was "flustered" with a busy shift. The Plaintiff told Mr. Burchfield that she was not "flustered" with a busy shift and that she had worked in busier restaurants and under more stressful circumstances.

33.    In July, 2020, the Plaintiff was constructively discharged from her employment at Defendant Mare.

34.    The facts of this matter clearly establish that Defendant Mare discriminated against the Plaintiff on account of her gender in violation of Title VII, the RICRA, and the FEPA.

35.    Defendant's actions and/or omissions are in violation of Title VII, the RICRA, and the FEPA and were motivated by malice and ill will toward the Plaintiff, and Defendant's actions were intentional, willful, malicious and taken with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

5

36.    As a proximate result of Defendant Mare's unlawful acts and/or omissions, including, but not limited to, those described herein, the Plaintiff suffered loss of income, as well as employment benefits, mental and physical anguish, pain and suffering, and loss of enjoyment of life

## VII.  Claims for Relief

37.    The Plaintiff incorporates in the counts below the allegations contained in paragraphs 1-36 above.

## Count One
## Unlawful Discrimination—R.I.G.L. §42-112-1, *et seq.*

38.    Defendant, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her gender insofar as said actions and/or omissions resulted in the termination of an employment contract and the loss of benefits, terms and conditions of a contractual relationship existing between the Plaintiff and the Defendant in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the RICRA.

## Count Two
## Unlawful Discrimination—42 U.S.C. §2000e, *et seq.*

39.    Defendant, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under Title VII.

## Count Three
### Unlawful Discrimination—R.I.G.L. §28-5-1, *et seq.*

40.      Defendant, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her gender in violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the FEPA.

## VII. Prayers for Relief

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief:

1.      a declaratory judgment that Defendant, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, and the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*;

2.      enjoining and permanently restraining Defendant from violating the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, and the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*;

3.      award the Plaintiff back pay, including incremental increases, pension benefits, health and dental benefits and other benefits, plus prejudgment interest thereon;

4.      award the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon;

5.      award the Plaintiff punitive damages;

6.      award the Plaintiff liquidated damages pursuant to 29 U.S.C. §2617(a)(1);

7.    award the Plaintiff reasonable attorney's fees and costs of litigation; and,

8.    such other and further relief as the Court deems just and proper.

## IX.  Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## X.  Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire, Michael D. Pushee, Esquire, and Jessica A. Roberge, Esquire as trial counsel.

PLAINTIFF,
By her attorneys,
**FORMISANO & COMPANY, P.C.**

Dated: September 9, 2021

/s/ V. Edward Formisano
V. Edward Formisano (#5512)

/s/ Michael D. Pushee
Michael D. Pushee (#6948)

/s/ Jessica A. Roberge
Jessica A. Roberge (#10179)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691
(401) 944-9695 (facsimile)
edf@formisanoandcompany.com
mpushee@formisanoandcompany.com
jroberge@formisanoandcompany.com

## CERTIFICATION

I hereby certify that on the 9th day of September, 2021, I caused the within to be electronically filed with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/ECF System.

/s/ V. Edward Formisano